UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nicholas Paul Sherwood,                                      Case No. 3:20-cv-1037

          Plaintiff,

v.                                                                              MEMORANDUM OPINION
                                                                                         AND ORDER

Commissioner of Social
Security Administration,

          Defendant.

## I.    INTRODUCTION

Before me is the Report & Recommendation ("R & R") of Magistrate Judge Thomas M. Parker. (Doc. No. 19). Judge Parker recommends I affirm the final decision of the Commissioner of Social Security, denying *pro se* Plaintiff Nicholas Paul Sherwood's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (*Id.*). Sherwood timely filed objections to the R & R, (Doc. No. 20), and the Commissioner responded to those objections. (Doc. No. 21).

## II.    BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by Sherwood, I hereby incorporate and adopt, in full, the "Procedural History" and "Evidence" sections set forth in the R & R. (Doc. No. 19 at 1-22).

## III.    STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrate Judges Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

When reviewing the specific objections to an R & R regarding a determination by the Commissioner of Social Security under the Social Security Act, a district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)); *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) ("Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); 42 U.S.C. § 405(g). The district judge "may not reverse a decision supported by substantial evidence, even if [he] might have arrived at a different conclusion." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 391 (6th Cir. 2005).

IV. DISCUSSION

In his objections, Sherwood does not address Judge Parker's R & R directly but asks that I "make a different finding." (Doc. No. 20 at 1). The Commissioner contends Sherwood's objections lack the necessary specificity, (Doc. No. 21 at 1), but I find Sherwood's *pro se* objections to sufficiently state a challenge to the ALJ's treatment of Sherwood's subjective symptoms of pain. Specifically, Sherwood asserts the ALJ failed to apply the proper legal standards when evaluating his subjective symptoms and alleges substantial evidence does not support the ALJ's decision to discount his pain-related symptoms rather than incorporate further pain-related limitations into the residual functional capacity ("RFC") determination.

Because Sherwood made similar arguments in his briefing before Judge Parker, and because Judge Parker addressed these matters in the R & R, I conclude that Sherwood's *pro se* objections have sufficiently "directed [my] attention to specific issues decided by the magistrate [judge] contrary to [Sherwood]'s position." *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994). Therefore, in the interest of justice, I will consider Sherwood's objections to those issues on the merits rather than summarily dismissing them as "general objections." Still, I will not consider any issue raised for the first time in Sherwood's objections to Judge Parker's R & R. *See Peterson v. Burris*, No. 17-1291, 2017 WL 8289655, at *3 (6th Cir. Dec. 8, 2017) ("Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived.").

As all agree, a claimant's subjective symptoms are evaluated using a two-step process set forth by the Social Security regulations, 20 C.F.R. § 404.1529, and further clarified by Social Security Ruling 16-3p. *See* 2017 WL 5180304. Specifically,

> First, [the ALJ] must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the intensity and persistence of those

3

>symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities for an adult….

SSR 16-3p, 2017 WL 5180304, at *3.

Here, Sherwood contends the ALJ failed to perform either step of the two-step process. In doing so, he asserts the ALJ should have concluded he had the medically determinable impairments of "lumbar degenerative disc disease, disc bulging, [and] congenital thecal sac narrowing" at step one. (Doc. No. 20 at 2). But the ALJ did conclude Sherwood had the severe impairment of "lumbar degenerative disc disease with L4-L5 disc bulge with congenital narrowing." (Doc. No. 13 at 18). Therefore, I overrule Sherwood's objection to the ALJ's decision at step one of the subjective symptom analysis and proceed to step two.

To determine "the intensity, persistence, and limiting effects of an individual's symptoms" at step two of the subjective symptom evaluation, the ALJ must "examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." SSR 16-3p, 2017 WL 5180304, at *4. As stated by Judge Parker, "an ALJ is not required to accept a claimant's subjective symptom complaints and may properly discount the claimant's testimony about his symptoms when it is inconsistent with objective medical and other evidence." (Doc. No. 19 at 31 (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003)).

Sherwood alleges his "multiple impairments [of] (1) bulging discs in the (2) congenitally narrow spinal area housing the nerve roots, further pressured by (3) obesity" caused pain so severe that he "needs to lie down to recover after standing, or walking briefly, and can only sit for a couple hours." (Doc. No. 20 at 6-7). As such, he challenges the ALJ's finding that he could "perform light work as defined in 20 CFR 404.1567(b)" and asserts the ALJ erred in concluding

4

that, "prior to the date last insured, the record does not fully corroborate the claimant's allegations of physical health severity." (Doc. No. 13 at 20, 27).

In support of his argument, Sherwood first identifies certain statements in the record made by various physicians, noting,

> Doctor David DelliQuadri The plaintiff's primary physician advised that "no pain might not be possible" (307). Doctor Steven Benedict the neurologist treating the plaintiff for pain management diagnosed lumbar radiculopathy due to degenerative lumbar spine disease with intractable back pain (483). Physician Iman Chakra diagnosed recurrent leg pain likely secondary to lumbar root irritation and radiculopathy due to lumbar disc herniation evidenced on MRI scan of the lower spine, and lumbar pain and paresthesia with myalgia. (83-84)[.]

(Doc. No. 20 at 3 (citing *id.* at 311, 487, 87-88)).[1] But these statements and the medical records in which they are contained merely show that Sherwood experienced pain due to his severe conditions, a matter that is not in dispute. None suggest Sherwood's conditions would cause pain that was more intense, persistent, or limiting than the ALJ determined it to be. Therefore, they are not evidence of any error on the part of the ALJ.

Sherwood next argues the ALJ improperly discounted medical records dated after the date last insured and erroneously concluded Sherwood's condition had worsened after that date.[2] (Doc. No. 20 at 4-5). But first, the ALJ did not conclude Sherwood's condition had worsened after the

---

[1] For the first time in his Objections, Sherwood argues the ALJ failed to apply the proper legal standards and weigh "opinions" of his treating physicians. (Doc. No. 20 at 6). Because he did not raise this issue before Judge Parker, he has waived the opportunity to do so now. *See Peterson*, 2017 WL 8289655, at *3.

[2] Before Judge Parker, Sherwood acknowledged that his treatment prior to the date last insured was "conservative." (Doc. No. 15 at 10-11). But he argued the ALJ had not considered relevant medical evidence of his treatment after that date and improperly concluded his "conservative" treatment during the relevant period was a reason to deny disability benefits. (*Id.*). Judge Parker rejected this argument and correctly concluded the ALJ could consider this conservative treatment as a reason to discount his subjective symptoms. (Doc. No. 19 at 33-34). Sherwood does not fault Judge Parker's conclusion but now argues for the first time that his treatment during the relevant period was not "conservative." (Doc. No. 20 at 3-4). Aside from the fact that Sherwood's current argument is at odds with his previous position, I find that Sherwood has waived this argument by failing to raise it before Judge Parker. *See Peterson*, 2017 WL 8289655, at *3.

date last insured. Instead, the ALJ correctly limited her findings to Sherwood's condition "prior to the date last insured," as that is the relevant time period for Sherwood's claim to DIB benefits. (Doc. No. 13 at 23-24, 26-27). Still, in making these findings, the ALJ explained,

> I note that the record contains a significant amount of evidence dated subsequent to the date last insured, which shows that the claimant's degenerative disc disease and obesity conditions and treatments, including multiple rounds of epidural steroid injections and trigger point injections continued throughout 2018. (12F/65-69/70-72 and 13F/30/73/93/103). However, as the claimant is not found to have been disabled prior to his date last insured, this evidence is of limited probative value. Regardless, I have reviewed and considered the entire record, taking particular note of information that is in any way indicative of the claimant's residual functional capacity prior to June 30, 2017.

(Doc. No. 13 at 24). Considering this and the ALJ's decision as a whole, I agree with Judge Parker's determination and conclude the ALJ properly "considered the longitudinal record, including evidence post-dating the date last insured to the extent it shed light on Sherwood's condition during the period being evaluated." (Doc. No. 19 at 33). Therefore, I reject Sherwood's assertion that the ALJ failed to apply the proper legal standards when considering records post-dating the date last insured.

Finally, Sherwood cites his own testimony to support his allegation that, contrary to the ALJ's RFC determination, "[n]othing in [his] daily activities equate to a work setting where there is no area to lie down and take breaks as necessary." (Doc. No. 20 at 7). Specifically, he faults the ALJ's summary of his hearing testimony regarding his ability to perform daily activities and argues the ALJ erred by not acknowledging his testimony regarding his need to lie down before, during, and after performing his daily activities.

Though it is true that the ALJ omitted from her summary Sherwood's repeated allegations of his need to lie down throughout the day, she did note Sherwood's report that "laying down completely relieves his pain." (Doc. No. 13 at 21). She also acknowledged that Sherwood had testified to greater limitations than those adopted in the RFC. In doing so, the ALJ explained,

6

> In summary, prior to the date last insured, while the claimant had medically determinable physical impairments that could reasonably cause some symptoms and limitations, I find the allegations were broader and more restricted than what was established by the medical evidence. This is not to say that the claimant was symptom free or did not experience difficulty performing some tasks. However, the objective evidence does not demonstrate the existence of limitations of such severity as to have precluded the claimant from performing all work on a regular and continuing basis at any time from the alleged onset date of disability through his date last insured.
>
> Through the date last insured, the claimant's complaints have not been completely dismissed, but rather, have been included in the residual functional capacity assessment, to the extent that they were consistent with the evidence as a whole. Specifically, based on his impairments, including lumbar impairments and obesity, he was limited to light exertional level work with postural and climbing limitations.

(*Id.* at 24).

Sherwood does not cite any part of the record that corroborates his testimony that he could do little more than lie down throughout the day. Therefore, I do not agree that the ALJ erred by omitting those restrictions from her summary of Sherwood's testimony. Instead, I conclude the ALJ applied the proper legal standards when discounting Sherwood's subjective symptoms. Further, I agree with Judge Parker's conclusion that the ALJ's decision is supported by substantial evidence.

## V.  CONCLUSION

For the foregoing reasons, I overrule Sherwood's objections, adopt Judge Parker's R & R, and affirm the Commissioner's decision.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

7